[No. 22639. Department One. January 5, 1931.]

EMMA OFLOCK, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

[1]Reported in 294 Pac. 966.

*George F. Hannan* and *M. M. Pixley,* for appellant.
*A. C. Van Soelen* and *C. C. McCullough,* for respondent.

MITCHELL, C. J.—The plaintiff, Emma Oflock, was struck and injured by a street car operated by the city of Seattle on Twenty-fourth avenue north. She sued the city, and at the trial to a jury, at the close of her case, the sufficiency of the evidence to sustain any verdict in her favor was challenged and the challenge sustained. The court announced: "The doctrine of last clear chance doesn't apply here. The challenge to the sufficiency of the evidence is sustained and the jury discharged." The judgment dismissing the action recites that the legal sufficiency of the evidence had been challenged and the challenge sustained. The plaintiff has appealed.

Twenty-fourth avenue north runs north and south, on which the city maintains a double-track street railway. The avenue is intersected at right angles from the east by East Lee street. Between the street car tracks and the curb on each side of the avenue, the avenue is paved fifteen and one-half feet. The street car tracks are not paved except that, within the intersection of the avenue and East Lee street, boards have been placed for crossing the car tracks, the north ends of the boards being somewhat south of the north line of East Lee street extended. Cars bound south, towards down town, run on the westerly track, northbound cars on the other. The accident happened about two-thirty o'clock in the afternoon. The appellant crossed over from the west side of the avenue, and stood on the northeast corner of the avenue and East Lee street, waiting for a southbound street car, and,

seeing one approaching some distance away, started to cross the avenue diagonally towards the north end of the board crossing and was struck by a street car coming from the south that she had observed some hundred feet or more before it struck her.

Only three witnesses testified concerning the controlling facts in the case. One Watson, a passenger on the street car that struck the appellant, testified in substance that, when the street car was about a block away, going about fifteen miles an hour, he saw appellant at or near East Lee street, at which time she was about two feet from the car tracks and appeared to be rattled. The motorman rang the bell several times, she stood there, the street car slowed down to nine or ten miles an hour, and, when within fifty or sixty feet, appellant stepped back a step further towards the street curb; the motorman then speeded up the street car.

"Q. Then what did the lady do? A. She stepped right in front of the car. Q. How many steps did she take to get in front of the car? A. I didn't count them. Q. Did she run in front of it? A. She walked right in front of the car."

The motorman running the street car testified in substance that, as he approached the intersection, he first saw the appellant from one to two hundred feet away, at which time, as counsel for appellant in their brief construe his testimony, she was walking south in the center of the paved portion of the avenue on the east side of the street car tracks until she reached a point about eight feet north of the board crossing, when she suddenly turned toward the street car track, fell off the paved portion of the street right in front of the street car on the unpaved portion between the car tracks. The motorman further testified that, when he first saw the appellant, his street car was going

twelve miles an hour, and when within about thirty feet of her, he had slowed down to about four miles an hour.

The summary of appellant's testimony, as argued by her counsel, which is substantially correct, is that, after waiting a while at the northeast corner of the intersection for a southbound street car,

". . . presently a car approached from the north, and when it was about a block away, she proceeded to cross the intersection to the west side of the street in order to take that car. To do this it was necessary for her to walk somewhat diagonally toward the board planking on the intersection (between rails being unpaved). Just as she started from the curb, she observed a northbound car coming from the south about a block or a block and one-half away, and she thought that she had ample time to cross the track before this car reached the intersection. She proceeded westerly from the northeast curb, and when a short distance into the street, she stopped to permit an automobile to pass. There was another automobile which she apparently went in front of and proceeded onto the track and was about in the middle of the track when the southbound car struck her and carried her a distance of about seventy-five feet. She did not hear the southbound car sound any bell or warning."

Construing the evidence together with the fair inferences from it in a way most favorable to the appellant, it appears to us that the case was correctly decided by the trial court as a matter of law. Appellant knew there was a double-track street car railway being operated on the avenue. She had just crossed from the west side to the east side to wait for a street car running south on the west side of the avenue. She saw the northbound street car approaching, and walked diagonally into the street intersection almost facing the street car that struck her, and seems to have done nothing whatever to protect herself from it. Nor was

there anything in her testimony to show that the motorman was put upon the slightest notice of any danger in time to avoid striking her.

The testimony of the other two witnesses must also be resolved against her as a matter of law. She was seen by them some distance ahead. The car was being run at a moderate rate of speed. As she approached the street car track in the street intersection, the motorman rang the bell and slowed down the street car. According to the testimony of the witness who was a passenger, the street car was slowed down on approaching the intersection, and when within fifty or sixty feet of the appellant, who was about two feet from the car track, she stepped back still further from the track, when, upon the motorman commencing to increase the speed of the street car, she stepped right in front of it. According to the evidence of the other one of these two witnesses, she was going practically south along and near the center of the paving, some six or eight feet from the northbound street car track, when she suddenly turned towards the street car track and fell down on the unpaved portion right in front of the street car. This evidence was introduced on behalf of the appellant, and must be held, as a matter of law, to show negligence on her part and, we think, lack of negligence on the part of the motorman.

Nor was it a case for the application or operation of the doctrine of last clear chance. The motorman neither saw nor could he have seen her peril in such time that, by the exercise of reasonable care, he could have avoided injuring her, for the reason that, as the testimony shows, she stepped or fell right in front of the moving street car.

We have not overlooked the cases cited by appellant in the argument in her behalf in this court. Those cases have been duly considered, and are so clearly

distinguishable in material respects from this one that in our opinion no useful purpose will be served by analyzing and discussing them.

Judgment affirmed.

TOLMAN, HOLCOMB, PARKER, and MAIN, JJ., concur.